JhTH BODEAUX, Judge.
Sidney Ray Crawford, Sr. and his wife, Daisy Crawford, appeal a trial court judgment which recognized a right of first refusal given to the plaintiffs, Steve Minton, his wife, Cynthia Diane Minton, and Franklin Curtis Crawford, in a real estate sale document. The trial court ordered the property which was the subject of the right of first refusal transferred to the plaintiffs for the sum of $8,000.00. The ^defendants assert this action as error because, they claim, the real consideration was $28,000.00. They also appeal the denial of their motion for a new trial.
The trial court also awarded Wisner Minnow Hatchery, Inc., which was not a party to the litigation, $7,400.00 to reimburse it for improvements it made to the property after having purchased the property from the children of the Crawfords. Both sides appeal the propriety of this action on the ground that an award cannot properly be made to a non-party to a lawsuit.
We affirm the award to the plaintiffs, but reverse the award of $7,400.00 to Wisner Minnow Hatchery, Inc.
I.

ISSUES

We shall consider:
1. whether the trial court erred by enforcing the plaintiffs’ right of first refusal in the Sale and Mortgage document;
2. whether the trial court erroneously decided that $8,000.00 was the proper consideration paid for the property;
3. whether the trial court erred by denying the defendants’ motion for a new trial; and,
4. whether the trial court erred by awarding $7,400.00 to Wisner Minnow Hatchery, Inc. for improvements made to the property.
II.

FACTS

On January 13, 1992, Sidney Ray Crawford, Sr. and his wife, Daisy Crawford, sold certain property in Catahoula Parish to Steve Minton, his wife, Cynthia Diane Minton, and Franklin Curtis Crawford (hereinafter the “Minton Group”). In the Sale and Mortgage document, a right of first refusal on five (5) acres Rwas given to the Minton Group. On January 30, 1995, Sidney Ray Crawford, Sr. and Daisy Crawford executed an Act of Donation of the property to their children, Sid *745 ney Ray Crawford, Jr. and Angela Faith Crawford Wagner (hereinafter the “Crawford children”), because of Sidney Ray Crawford, Sr.’s failing health.
On October 1, 1995, the Crawford children sold 1.27 acres of the donated property to Wisner Minnow Hatchery, Inc. (hereinafter “Wisner, Inc”). Sidney Ray Crawford, Sr. acted as the children’s agent and attorney in fact in the transaction. Wisner, Inc. purchased the property for the purpose of using it to reach its property across a nearby river. Certain improvements were made to the property during its ownership.
When the Minton Group learned the property had been sold, them attorney sent Sidney Ray and Daisy Crawford a letter on October 23,1996 expressing the desire of the Minton Group to exercise their right of first refusal to the property. On October 31, 1996, Sidney Ray Crawford, Sr. revoked the donation of the property to his children. On that same day, Wisner, Inc. reconveyed the property to Sidney Ray Crawford, Sr., making Mr. Crawford the title owner again. Wisner, Inc. was allowed to continue to use the property as it had before the reconveyance. On November 21, 1996, the Minton Group filed suit against Daisy Crawford and Sidney Ray Crawford, Sr. to enforce their right of first refusal to the property.
Trial testimony indicated that the property was sold by the Crawford children to Wisner, Inc. for $28,000.00; $8,000.00 was paid by cheek and another $20,000.00 was paid in cash. The original deed showed the consideration paid was $8,000.00. On May 19, 1997, an Act of Correction was filed by the parties to indicate that the true consideration paid for the property was $28,000.00 and not $8,000.00. In June of 1997, Sidney Ray Crawford, Sr. filed an amended income tax | ¿return with the Internal Revenue Service showing the amount paid for the property was $28,000.00.
The trial court held that the right of first refusal was triggered when the Crawford children sold the property to Wisner, Inc. It also held that the true consideration paid for the property was $8,000.00. It found that Wisner, Inc., even though it was not a party to the litigation, should be awarded the amount of $7,400.00 for improvements made to the property to avoid unjust enrichment to the plaintiffs. To enforce their right of first refusal, the Minton Group was required to pay $8,000.00 to Sidney Ray Crawford, Sr. and Daisy Crawford, and $7,400.00 to Wis-ner, Inc.
George Griffing withdrew as the attorney for Daisy Crawford and Sidney Ray Crawford, Sr., and was replaced by J. Michael Hart. Mr. Hart filed a motion for a new trial on behalf of the Crawfords and Wisner, Inc. He unsuccessfully sought to introduce the testimony of George Griffing regarding the “true amount” of the consideration paid for the property..
III.

LAW & DISCUSSION

Right of First Refusal
The Crawfords contend that the trial court erred by enforcing the plaintiffs’ right of first refusal on the property. We disagree.
The key language in the Mortgage and Sale document states the following:
“In the event that Purchaser is not in default in any way under the terms and conditions of this Sale and Mortgage and for a period of ten (10) years from date hereof, Seller shall not have the right to sell the property above-described under [sic] less and except (2) until Seller has offered the same to purchaser on the same Isterms as the purposed [sic] sale to the other party, unless Purchaser has either (a) declined said offer, or (b) failed to respond to the offer within ten (10) days of the offer having been mailed to purchaser at the address shown above.”
This court has long recognized that where the language of a contract is clear and unambiguous, it must be interpreted solely by the reference to the four corners of that document. Weeks v. T.L. James & Co. Inc., 626 So.2d 420, 423 (La.App. 3 Cir.1993), writ denied, 93-2909 (La.1/28/94); 630 So.2d 794. When Sidney Ray and Daisy Crawford executed the Act of Donation of the property to their children, the right of first refusal was *746 not violated because this was not a sale. However, the Crawford children were bound by the same terms of the Sale and Mortgage document as Sidney Ray and Daisy Crawford. The Sale and Mortgage contract clearly provided that “[t]he covenants herein contained shall bind, and the benefits and advantages shall inure to, the respective heirs, executors, administrators, successors and assigns of the parties hereto.” There is no question that the Crawford children were obligated as successors and heirs to follow the terms of the Sale and Mortgage document, which included the right of first refusal.
The right of first refusal was violated when the Crawford children sold the property to Wisner, Inc. without notifying the Min-ton Group. At the time of the sale, the Minton Group had a cause of action against the Crawford children, as the trial court properly observed. The defendants argue that the violation of the right of first refusal was in effect “undone” when Sidney Ray Crawford, Sr. revoked the Act of Donation and Wisner, Inc. conveyed the property to Sidney Ray Crawford, Sr. This position is specious and untenable.
Sidney Ray Crawford, Sr. only revoked the donation and had the property reconveyed to him when he received a letter from the plaintiffs’ attorney invoking their right of first refusal. Sidney Ray Crawford, Sr. made an attempt toJ¿‘undo” what was already done when faced with possible legal action. The property was sold to Wisner, Inc. without the plaintiffs properly being given an opportunity to exercise their right of first refusal. Once the right of first refusal was violated, the plaintiffs had a cause of action which could not be “undone” by the subsequent actions of Sidney Ray Crawford, Sr. For these reasons, we agree with the trial court’s reasoning and judgment to enforce the plaintiffs’ right of first refusal.
Amount of Consideration
The defendants contend that the trial court erred when it determined the value of the consideration paid for the property was $8,000.00 rather than $28,000.00. We again disagree.
When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973). Since “the factfinder is best aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said, when there is a conflict in testimony reasonable evaluations of credibility and reasonable inference of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.” Housley v. Cerise, 579 So.2d 973, 976 (La.1991), citing Rosell v. ESCO, 549 So.2d 840 (La.1989).
The two-part test for an appellate court’s review of facts under a manifest error standard is:
1) The appellate court must find from the record there is a reasonable factual basis for the finding of the trial court, and,
172) The appellate court must further determine that the record establishes that the finding is not clearly wrong (manifestly erroneous).
Mart v. Hill, 505 So.2d 1120, 1127 (La.1987), citing Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). In essence, this test means a reviewing court must do more than simply review a record for some evidence which supports the trial court’s finding; it must determine that the record, as a whole, establishes the trial court was justified in its conclusions. Housley, 579 So.2d at 976. Our review of the record indicates that the trial court was reasonable and not clearly wrong in finding the true value of consideration paid for the property was $8,000.00 and not $28,-000.00. Indeed, the trial court was eminently correct.
The trial court’s evaluation of the timing of events in deciding the truthfulness of the defendants and their witnesses was soundly rational. The consideration paid for the property was listed as $8,000.00 in the cash sale deed, an authentic act. The defendants *747 did not file the Act of Correction changing the amount of consideration paid from $8,000.00 to $28,000.00 until May 19, 1997, seven months after the suit against them was filed and almost two years after the sale of the property. The trial court poignantly observed that “[t]he Court is of the opinion the Act of Correction was executed only subsequent to receipt of the demand letter by the Crawfords and a realization there was a possibility the right of first refusal clause had been violated.” The timing of the filing of the Act of Correction is very suspicious, which led the trial court to conclude that “[t]he Court is also of the opinion the Act of Correction proffered by the defendants should be given no weight.”
The defendants suggest that if one of the owners of Wisner, Inc., W.C. “Pete” Haring, Sr., had been allowed to testify, their position on the true consideration would have been fortified. They cite Sauce v. Williams, 434 So.2d 613 (La.App. 3 Cir.1983), which relies on La.Civ.Code art. 2276 (now 1848). Article 1848 states:
Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement (emphasis added).
The present case does not involve any of the exceptions articulated by Article 1848. The trial court properly excluded the testimony of Mr. Haring. Further, Sauce v. Williams, unlike this case, did not deal with an authentic act.
Furthermore, the trial court found the testimony of Robert Lowe, W.C. “Carl” Haring, Jr., and the proffered testimony of W.C. “Pete” Haring, Sr. to be highly suspect. Sidney Ray Crawford, Sr. is an employee of Wisner, Inc. and is a close personal friend of the owner of Wisner, Inc., Mr. Haring. Mr. Crawford continued to allow Wisner, Inc. to operate on the property just as it had when it was the owner. The trial court stated in its reasons for judgment:
The [ejourt specifically finds that the testimony of Sidney Ray Crawford, Sr., Robert Lowe and W.C. “Pete” Haring, Sr. stating $20,000.00 cash was paid to Sidney Ray Crawford, Sr. in addition to á check for $8,000.00 for the 1.27 acre tract to be a total falsehood. The [ejourt is of the opinion the Act of Correction was executed only subsequent to receipt of the demand letter by the Crawfords and a realization there was a possibility the right of first refusal clause had been violated. The [ejourt is of the opinion that the testimony of Sid Crawford, Sr., Robert Lowe, and W.C. “Carl” Haring, Sr. was contrived after instigation of this lawsuit in an attempt to make the alleged purchase price of the 1.27 acres too expensive for plaintiffs and to force them to dismiss their lawsuit. The [ejourt is also of the opinion the Act of Correction proffered by the defendants should be given no weight.
The [ejourt is of the opinion the true price paid to Sidney Crawford, Sr. by Wis-ner Minnow Hatchery, Inc. for the 1.27 acre tract was $8,000.00, the same price paid by Mr. Crawford to that entity for the property. By reeonveying the property, the [ejourt |9is of the opinion these parties assumed the “status quo” was regained. The [cjourt’s opinion as to these activities became even stronger when it noted the Act of Correction was not placed of record in Catahoula Parish until May 19, 1997, some seven months subsequent to the institution of this suit.
For these reasons, we agree with the trial court that the $28,000.00 alleged transaction was contrived by Mr. Crawford and the agents for Wisner, Inc.
Motion for New Trial
The denial of a motion for new trial is discretionary with the trial court and should not be reversed absent an abuse of that discretion. Fletcher v. Langley, 93-624 (La.App. 3 Cir. 2/2/94); 631 So.2d 693, 695, writ denied, 94-0521 (La.4/7/94); 635 So.2d 1139, citing Perkins v. Fontenot, 548 So.2d 369 (La.App. 3 Cir.1989). We do not find that the trial court abused its discretion by denying the defendants’ motion for a new trial. A *748 new trial may be granted in any ease if there is good ground. La.Code Civ.P. art 1973.
The only grounds the defendants offered for a new trial was that their former attorney, Mr. Griffing, could testify as to the true amount paid as consideration for the property, since he was present at the transaction. The trial court stated: “The whole thing, Mr. Hart, stinks. So, I’m saying even if Mr. Griffing had testified, my decision would have been the same.” There is nothing in the record to indicate that the trial court abused its discretion.
Award to Non-Party
Both parties contend that the trial court erred by awarding Wisner, Inc. $7,400.00 for improvements it made to the property. We agree.
Louisiana Code of Civil Procedure art. 1841 states that “[a] judgment is the determination of the rights of the parties in an action and may award any relief Loto which the parties are entitled.” A judgment cannot determine rights or award relief to persons or entities who are not parties to the litigation. Rosella v. DeDe’s Wholesale Florist, 607 So.2d 1055 (La.App. 3 Cir.1992). Since Wisner, Inc. was not a party to the litigation, the award to it was improper and is, therefore, reversed.
IV.

CONCLUSION

Based on the foregoing reasons, we affirm the trial court’s judgment which recognized the plaintiffs’ right of first refusal and which fixed the amount of consideration at $8,000.00. We also affirm the trial court’s denial of the defendants’ motion for a new trial. We reverse the trial court’s judgment which awarded $7,400.00 to Wisner Minnow Hatchery, Inc. All costs of this appeal are assessed to the defendants, Sidney Ray Crawford, Sr. and Daisy Crawford.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED.