880 So.2d 265 (2004)
Rudy HINES, Plaintiff-Appellee
v.
AUDIO PLUS, INC., Defendant-Appellant.
No. 38,644-CA.
Court of Appeal of Louisiana, Second Circuit.
August 18, 2004.
*266 Jeffrey L. Little, Shreveport, for Appellant.
David L. White, Bossier City, for Appellee.
Before GASKINS, DREW and LOLLEY, JJ.
GASKINS, J.
Audio Plus, Inc., a repair shop, appeals from a trial court judgment that ordered it to return a jet ski to its owner, Rudy Hines, and refund to him the cost of improper repairs. The judgment also rejected the repair shop's reconventional demand for sums allegedly still owed by Hines. Hines filed an answer to the appeal, seeking the full economic value of the jet ski. We affirm.

FACTS
In June 2001, Hines sent his jet ski, a 1995 Kawasaki Sea Doo, to Audio Plus for repair. He paid $1,253.13 for the work performed on it; this check was issued on the account of Hines' company, Vermillion Painting and Construction, Inc. According to Hines, the first time he attempted to use the repaired jet ski at the lake, it stopped running within 30 minutes. The jet ski was returned to Audio Plus, where Hines was informed that the jet ski had developed a new malady, the breakdown of the rotary shaft gear. Audio Plus' personnel told him it would have to be shipped to another company, Tony Ducas Racing, for repairs. Hines paid Audio Plus an additional $780 for more repair work on the jet ski.
Thereafter, Hines was allegedly told that the engine of the jet ski was damaged in shipping. When Hines attempted to retrieve the jet ski, Audio Plus refused to release it, claiming that it had a repairman's lien and that Hines owed money to it for shipping.
Hines filed suit in Bossier City Court on March 7, 2002. He asserted that he had spent $2,033.13 for the repair of his jet ski. However, it was damaged while in the possession of Audio Plus, a compensated depositary. He asked for the return of the sums he paid for repairs, the actual cash value of the jet ski, and the costs to adequately repair the jet ski.
Audio Plus filed an answer and reconventional demand. It asserted that Hines owed $238.02 in shipping costs, plus legal interest from date due, reasonable attorney fees and court costs under La. R.S. 9:2781.
Trial was held on October 1, 2003. The plaintiff presented the testimony of Hines and his expert, Ted Lemay. Hines testified that he was told by Jim Chimpalee of Audio Plus that the magneto housing was cracked during shipping and that he wanted more money to repair it. Lemay, a part owner of Moore's Boats and Motors, testified that he had examined the jet ski and that the most probable cause of the crack was that someone physically working on it caused it with a tool. He also said that he would have been able to repair the jet ski for about $1,000 and that his work *267 would have included installing a whole new engine block with a warranty. The defendant presented the testimony of Chimpalee and Jeremy Lafitte, an Audio Plus employee. They both testified that the jet ski was originally delivered to Audio Plus in pieces as though someone had tried to repair it. Chimpalee stated that in his opinion the crack in the magneto housing was not present when he first worked on the engine. On rebuttal, Hines denied that the jet ski was in pieces when first sent to Audio Plus or that he or his family had tried to repair it.
The court rendered judgment in favor of Hines and dismissed Audio Plus' reconventional demand. The court found that it was irrelevant whether the jet ski was in pieces when first delivered to Audio Plus because Lemay and Chimpalee both felt that the crack was not present at that time. The court specifically found Lemay to be a credible witness and accepted his testimony that the damage to the jet ski could only have been done when someone worked on it. Thus, the court concluded that the damage occurred after the jet ski went to Audio Plus the second time. As to the price charged for the initial work, the court stated that a new block should have been installed and that had the work been done properly the first time, the other problems would not have happened. Judgment in the amount of $2,033.13 ($1,253.13 + $780) was awarded to Hines, and Audio Plus was ordered to return the jet ski to him within 10 days.
Audio Plus appealed from the adverse trial court judgment. Hines answered the appeal, seeking additional damages.

APPEAL
In its appeal, Audio Plus claims that the trial court erred in awarding the repair costs to Hines because the repairs were not improper and because part of the sum was paid by a third party, i.e. Hines' company, Vermillion Painting and Construction, Inc. Additionally, Audio Plus contends that the trial court should have either awarded it storage costs and its shipping costs or allowed an offset for these amounts.

Standard of review
An appellate court may reverse the findings of the trial court only when a reasonable factual basis does not exist for the finding and the finding is clearly wrong or manifestly in error. Stobart v. State, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989); Pope v. Prunty, 37,395 (La.App.2d Cir.8/20/03), 852 So.2d 1213, writ denied, 2003-2496 (La.11/26/03), 860 So.2d 1137. When findings are based on determinations regarding the credibility of witnesses, the manifest error standard accords great deference to the trier of fact's findings; for only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what was said. Where a fact finder's conclusion is based on its decision to credit the testimony of one of two or more witnesses, that determination can virtually never be manifestly erroneous or clearly wrong. Rosell, 549 So.2d at 844-845. The task of the reviewing court is solely to ask whether this fact finder's resolution of the conflicting evidence was reasonable in light of the record as a whole. Pope v. Prunty, supra.
A reviewing court should not set aside an award of special damages unless an analysis of the facts and circumstances reveals an abuse of discretion in setting the award. Rochel v. Terrebonne Parish School Board, 93 0383 (La.App. 1st Cir.5/20/94), 637 So.2d 753, writ denied, 94-1613 (La.10/7/94), 644 So.2d 633; Stevens *268 v. Winn-Dixie of Louisiana, 95 0435 (La.App. 1st Cir.11/9/95), 664 So.2d 1207.
The trial court observed the witnesses and adjudged their credibility. It concluded that the crack in the magneto housing occurred after the jet ski was returned to Audio Plus for the second time. Based upon our review of the record, this finding by the trier of fact was reasonable. The trial court also concluded that, had the jet ski been properly repaired the first time, it would not have been necessary to return it to Audio Plus where it suffered the additional damage. This conclusion is likewise reasonable. As we find no manifest error, we hold that the trial court did not abuse its discretion in deciding to refund the repair costs to Hines.

Third party payment
Audio Plus claims that since Hines' company, Vermillion Painting and Construction, paid for part of the repairs, it was error to award those damages to Hines. It argues that a judgment cannot determine rights or award relief to persons or entities who are not parties to the litigation. However, we note that the defendant did not file a peremptory exception that Vermillion Painting and Construction was a "party needed for just adjudication," under La. C.C.P. art. 641. A person should be deemed needed for just adjudication only when absolutely necessary to protect substantial rights. Industrial Companies, Inc. v. Durbin, XXXX-XXXX (La.1/28/03), 837 So.2d 1207.
Review of the record does not demonstrate that the corporation was a necessary party here. As argued by Hines, Vermillion Painting and Construction, a corporation of which he was a 60 percent owner, essentially loaned him the money to pay for the repairs. We do not believe that these facts make it a "party needed for just adjudication" and Audio Plus has not cited any persuasive authority in favor of its argument.[1]

Storage and shipping
Audio Plus seeks an award for or offset of the costs it incurred in shipping and storing the jet ski. However, we note that Audio Plus kept the jet ski against the wishes of its owner, claiming that the owner owed it shipping costs. Since the court found that those additional costs were incurred as a result of the failure to properly repair the jet ski the first time, we find that an award or offset is not appropriate.

ANSWER TO APPEAL
Hines answered the appeal. He claims that the trial court erred in failing to award him the full economic value of the jet ski, which was left outside in the weather by Audio Plus for almost two years.
When property is damaged through the fault of another, the primary objective is to restore the property, as nearly as possible, to the state it was in immediately preceding the damage. Each case must rest on its own facts and circumstances supported by proof in the record. Davies v. Automotive Casualty Insurance, 26,112 (La.App.2d Cir.12/7/94), 647 So.2d 419.
At the close of the evidence, counsel for Hines requested "either the fair market value of the jet ski or the return of the jet ski." The trial court ordered the return of the jet ski within 10 days. We find no manifest error in the trial court's choice to *269 return the jet ski to its owner in lieu of the fair market value.

CONCLUSION
We affirm the trial court judgment. Costs are assessed equally between the appellant and the appellee.
AFFIRMED.
NOTES
[1] The two cases cited by the defendant are distinguishable. Rosella v. DeDe's Wholesale Florist, 607 So.2d 1055 (La.App. 3rd Cir. 1992); Minton v. Crawford, 1998-478 (La. App. 3rd Cir.10/7/98), 719 So.2d 743. According to these cases, had the trial court awarded judgment in favor of Vermillion Painting and Construction, a non-party, it would have been error. The only award made here was to Hines, a party.