THERIOT, J.
|aThe appellant, Lionel Sims, Sr., seeks review of a judgment adjudicating the ownership of certain property and denying his motion and rule for an accounting. For the following reasons, we affirm in part, vacate in part, and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
In the mid-1970s, the decedents, Rev. Alvin Sims, Sr., and his wife, Rev. Roselee Pooler Sims, founded Faith Baptist Spiritual Church in their home in Zachary, Louisiana. The Simses later acquired a tract of immovable property in Zachary and constructed a church building on that tract of land (“the church property”). The Simses then acquired and built a beauty salon and barber shop on another tract of immovable property in Zachary (“the salon property”). Additionally, in June of 1982 and September of 1989, two contiguous tracts of land were acquired in the name of “Faith Baptist Spiritual Church” in East Feliciana Parish (“the East Feliciana property”).
In July of 2008, Rev. Mrs. Sims died intestate. Less than a year later, in June of 2009, Rev. Mr. Sims died testate. In his will, Rev. Mr. Sims bequeathed everything he owned to one of the couple’s nine surviving children,[1] Patricia Sims White, with the sole exception of his interest in “the lot and improvements on the lot where the *396 beauty shop and barber shop is located[,]” which he bequeathed to his granddaughter, Acena Judson Shropshire.
|aThe successions for both decedents were opened and consolidated. Patricia Sims White was named testamentary executrix of her father’s succession and was qualified as the administratrix of her mother’s succession. Mrs. "White’s brother, the appellant, Lionel Sims, Sr., appeared in the successions as a forced heir based upon injuries and medical conditions attributable to the Vietnam War.
On July 9, 2014, Mr. Sims filed a motion and rule concerning an accounting and the decedents’ detailed descriptive lists of assets. Mr. Sims sought to have Faith Baptist Spiritual Church declared as an asset of the decedents; sought to have the church property and the East Feliciana property included on the detailed descriptive lists of assets of the decedents; sought to have the executrix/administratrix account for all rent, income and other money received on account of the beauty salon and barber shop; and sought to have the executrix/administratrix account for all donations, collections, or gratuities received by Faith Baptist Spiritual Church during religious services.
On March 16, 2015, the trial court held a hearing on Mr. Sims’ motion and rule concerning an accounting and the decedents’ detailed descriptive lists of assets for the limited purposes of considering the classification and ownership of the various properties involved in the dispute. The trial court deferred any issues relating to the accounting to a later date. At the end of the hearing, the trial court took the matter under advisement.
On August 4, 2015, the trial court signed a judgment denying Mr. Sims’ motion and rule for an accounting; declaring Faith Baptist Spiritual Church to be an entity “separate and independent” from the decedents and capable of acquiring and disposing of immovable property; declaring the salon property to be community property; ordering that a one-half interest in |4the salon property be included in the detailed descriptive list of assets in Rev. Mrs. Sims’ succession;[2] declaring Faith Baptist Spiritual Church to be the owner of the church property and the East Feliciana property; and decreeing that the church property and the East Feliciana property were not community property and should not be included on the decedents’ detailed descriptive list of assets. Mr. Sims now appeals.
ASSIGNMENTS OF ERROR
Mr. Sims raises the following assignments of error:
1. The trial court committed legal error when it declared that Faith Baptist Spiritual Church is a person under Louisiana law capable of owning immovable property and intervening in the succession proceeding, and the trial court committed legal error when it declared the church owned the church property.
2. The trial court committed legal error when it allowed a lawyer to enroll to represent a non-entity and give testimony about churches, make allegations about the church, and otherwise give oral argument after trial on the merits.
3. The trial court committed manifest error when it declared that Faith Baptist Spiritual Church owns the *397 immovable property located in East Feliciana Parish.
4. The trial court committed legal error when it denied Mr. Sims’ rule concerning an accounting for income generated by Faith Baptist Spiritual Church and income generated and rent owed by the barber shop/beauty parlor.
DISCUSSION
First, we examine whether the trial court properly declared Faith Baptist Spiritual Church to be the owner of the church property and the East Feliciana property, despite the fact that the church does not appear as a party to this litigation.
Louisiana Code of Civil Procedure article 1841 states, in relevant part, that “[a] judgment is the determination of the rights of the parties in an |,^action and may award any relief to which the parties are entitled.” As we have previously explained, pursuant to La. C.C.P. art. 1841, “a judgment cannot determine rights or award relief to persons or entities that are not parties to the litigation.” Gentile v. Baton Rouge General Medical Center, 95-0348 (La.App. 1 Cir. 11/9/95), 665 So.2d 422, 430 (citing Rosella v. Dede’s Wholesale Florist, 607 So.2d 1055, 1059 (La. App. 3 Cir. 1992)). Accord In re Succession of Banks, 11-26 (La.App. 5 Cir. 6/29/11), 71 So.3d 1086, 1097; Minton v. Crawford, 98-478 (La.App. 3 Cir. 10/7/98), 719 So.2d 743, 748.
In the instant case, Mr. Sims recognized in his pleadings before the trial court that Faith Baptist Spiritual Church asserted a potentially adverse ownership claim to the church property and the East Feliciana property. However, Mr. Sims never joined Faith Baptist Spiritual Church as a party to the litigation, and he maintains on appeal that the church is not a juridical entity capable of owning property.[3] Moreover, while Faith Baptist Spiritual Church continues to assert its adverse ownership interest in the subject property, the church never formally filed a petition for intervention in the underlying proceedings. See La. C.C.P. art. 1091.
Louisiana Code of Civil Procedure article 1091 states that a third person having an interest therein may intervene' in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by: 1) joining with plaintiff in demanding the same or similar relief against the defendant; 2) uniting with defendant in resisting the plaintiffs demand; or 3) opposing both plaintiff | (¡and defendant. Here, the record reflects that on April 21, 2015, the trial court granted a motion to enroll as counsel on behalf of Faith Baptist Spiritual Church. Critically though, a motion to enroll as counsel is not the same as an intervention, which is a type of incidental demand, see La. C.C.P. art. 1031(B), and which must be commenced “by a petition which shall comply with the requirements of Articles 891, 892 and 893.” La. C.C.P. art. 1032.
Consequently, we find that the trial court erred in declaring Faith Baptist Spiritual Church, which was not a party to this litigation, to be the owner of the church property and the East Feliciana *398 property, and, relatedly, we find that the trial court erred in ordering that the church property and the East Feliciana property be therefore excluded from the decedents’ detailed descriptive list of assets. Hence, we vacate that portion of the trial court’s judgment regarding the ownership of the church property and the East Feliciana property. Cf., Succession of Banks, 71 So.3d at 1098 (vacating that portion of the trial court’s judgment awarding relief to the dative testamentary executor in his individual capacity as opposed to in his capacity as a succession representative).
Next, we turn to consider whether the trial court properly denied Mr. Sims’ motion and rule concerning an accounting for income generated by Faith Baptist Spiritual Church and the beauty salon and barber shop located on the salon property.
The transcript for the hearing on Mr. Sims’ motion and rule concerning an accounting and the decedents’ detailed descriptive lists of assets reflects that the trial court “decline[d] to hear evidence on th[e] full accounting.” The trial court explained that it was unnecessary to hear evidence concerning an accounting until the outstanding issues regarding 1ownership of the subject properties were resolved, i.e., until the trial court determined whether the properties should be regarded as assets of the decedents. The trial court indicated that all issues concerning an accounting could be preserved and presented at a later date.
Nevertheless, in its August 4, 2015 judgment, the trial court denied Mr. Sims’ “opposition” to the annual accounting without explanation. Because the trial court limited the hearing and refused to take evidence on the issue of the accounting, and in light of our ruling on the issue of the ownership of the church property and East Feliciana property, we vacate that portion of the trial court’s judgment denying Mr. Sims’ motion and rule for an accounting. We pretermit consideration of any other issues or remaining assignments of error.
DECREE
For the foregoing reasons, we affirm the trial court’s August 4, 2015 judgment, in part, insofar as it adjudicated the ownership of the salon property and ordered that a one-half interest in the salon property be included in the detailed descriptive list of assets in Rev. Mrs. Sims’ succession, which ruling is not contested on appeal. We vacate the trial court’s August 4, 2015 judgment, in part, insofar as it adjudicated the ownership of the church property and the East Feliciana property and denied the motion and rule for an accounting. This case is remanded to the trial court for further proceedings. The trial court is instructed to allow Faith Baptist Spiritual Church an opportunity to intervene in the litigation, if it is capable of doing so, and to hold a retrial, including the admission of further evidence, to determine whether the church is a juridical entity with procedural capacity to proceed in suit and, if so, to adjudicate any ownership | ¿interests of Faith Baptist Spiritual Church. All costs of this appeal are assessed to the appellant, Lionel Sims, Sr.
AFFIRMED IN PART; VACATED IN PART; REMANDED.

. The Simses were survived by nine children, Yvonne Sims, Alvin Sims, Jr., Aldreamia Sims Omar, Lionel Sims, Sr., Aletha Sims Jordan, Burnell Sims, Patricia Sims White, Charles Sims, and Samuel Sims, all of whom were over twenty-three years of age at the time each of their parents died. The Simses had one other child, Glinda Sims Jones, who was above the age of twenty three years of age when she preceded her parents in death.

. The trial court decreed that the salon property should not be included in Rev. Mr. Sims’ succession, because Rev. Mr. Sims had divested himself of his one-half interest in the salon property prior to his death.

. We recognize that the issue of juridical personality is interconnected with the issue of procedural capacity, since an entity must qualify as a juridical person, i.e., an entity to which the law attributes juridical personality, in order to have the capacity to sue or be sued. See Dejoie v. Medley, 41,333 (La.App. 2 Cir. 12/20/06), 945 So.2d 968, 972; Dugas v. City of Breaux Bridge Police Dept., 99-1320 (La.App. 3 Cir. 2/2/00), 757 So.2d 741, 743, writ denied, 00-0671 (La. 4/20/00), 760 So.2d 1159.