# STATE OF LOUISIANA

## COURT OF APPEAL

### FIRST CIRCUIT

2025 CA 0066
and
2025 CW 0165



FELIX GILLESPIE

VERSUS

WILLIAM GUILLORY, SAFEWAY TRANSPORTATION, LLC; MARTIN
TRANSPORT, INC; AND PLAZA INSURANCE COMPANY

Judgment Rendered: _____ OCT 1 0 2025 _____

Appealed from the
18th Judicial District Court
In and for the Parish of West Baton Rouge
State of Louisiana
Docket No. 43985

The Honorable Alvin Batiste Jr., Judge Presiding

Willie G. Johnson, Jr.                    Counsel for Appellant,
Sophia Riley                              LaJayla Oliver
Derek Elsey
Zachary, Louisiana

Antonio "Tony" Clayton
Port Allen, Louisiana

Chad A. Aguillard
New Roads, Louisiana


Michael J. Remondet, Jr.                  Counsel for Defendant/Appellee,
Michael R. Guidry                         Hallmark Specialty Insurance
Lafayette, Louisiana                      Company

Jean Ann Billeaud                         Counsel for Defendants/Appellees,
Lafayette, Louisiana                      William Guillory, Safeway
                                          Transportation, LLC, and Plaza
                                          Insurance Company

BEFORE: MILLER, EDWARDS, AND FIELDS, JJ.

edwards, J. concurs w/ reasons

**MILLER, J.**

The appellant, LaJayla Oliver ("LaJayla"), seeks review of a May 29, 2024 judgment notwithstanding the verdict ("JNOV"), which awarded her damages in the amount of $317,658.00. Because LaJayla is not a party to these proceedings, the judgment in her favor is null. Accordingly, we vacate the May 29, 2024 JNOV and remand this matter for further proceedings. We also deny a writ application filed on LaJayla's behalf, wherein she seeks review of a post-trial judgment that denied her motion for leave to file a supplemental and amending petition, which application was previously referred to this panel by action of this court. See Gillespie v. Guillory, 2025 CW 0165 (La. App. 1st Cir. 05/19/2025)(unpublished writ action).

## I.    FACTS AND PROCEDURAL HISTORY

On about October 4, 2017, plaintiff, Felix Gillespie ("Gillespie"), was operating a motor vehicle on the interstate, when a motor vehicle operated by defendant, William Guillory ("Guillory"), collided with the right rear of a trailer pulled by Gillespie.   Gillespie filed suit against defendants, Guillory, Safeway Transportation, LLC ("Safeway"), and Plaza Insurance Company ("Plaza") to recover damages sustained in the accident.  In a June 10, 2020 consent judgment, Guillory, Safeway, and Plaza stipulated, in pertinent part, that: 1) the accident was caused solely by Guillory's negligence; 2) Guillory was in the course and scope of his employment with Safeway at the time of the accident; and 3) Guillory was insured under an insurance policy issued by Plaza in favor of Safeway. Guillory, Safeway, and Plaza "dispute[d] any connection between [Gillespie's] alleged injuries" and the accident at issue.  In his First Supplemental and Amending Petition for Damages, Gillespie named Hallmark Specialty Insurance Company ("Hallmark") as another defendant providing coverage for his damages.   In a supplemental and amending answer, Guillory, Safeway, and Plaza admitted that Hallmark issued an excess liability policy of insurance in favor of Safeway.

A trial on the merits was held from June 28 through July 2, 2021. The parties do not contest that after the case was submitted to the jury but before the verdict was returned, the trial judge informed trial counsel that the judge's office had received a call informing the court that Gillespie had died but providing no confirmation of his death. Before the jury returned with its verdict, Hallmark's counsel requested that a note of evidence be submitted on the record to memorialize what had occurred at that point.[1]

After taking the note of evidence, the jury returned to the courtroom and delivered a verdict, concluding the October 4, 2017 motor vehicle accident more likely than not caused back, neck, and brain injury or concussion to Gillespie and awarding the following damages for his injuries: 1) past physical pain and suffering - $85,000.00; 2) future physical pain and suffering - $83,000.00; 3) past medical expenses - $488,355.00; 4) future medical expenses - $180,000.00; 5) past, present, and future mental anguish, stress and anxiety - $31,875.00; 6) permanent scarring - $0; 7) past, present, and future loss of enjoyment of life - $5,500.00; 8) loss of physical disabilities, disfigurement, and impairment - $0; 9) past loss of income - $75,500.00; and 10) future loss of income $147,500.00.[2]

Counsel for the defendants filed a joint motion for entry of judgment and requested a contradictory hearing to confirm Gillespie's death.[3] Gillespie's obituary,

---

[1] During the proceedings, the court asked Gillespie's counsel if it was correct that Gillespie had passed away. Gillespie's counsel stated, "[W]e haven't confirmed that yet. The last we heard … he was at the hospital and [co-counsel] was on the way there to check on him." Hallmark's counsel responded, in pertinent part, "That's why we ask for a note of evidence because, obviously, that's going to affect the Judgment[.]"

[2] The jury verdict form reflected these figures totaled $1,096,730.00 in damages.

[3] In this motion, counsel for defendants also stated, in pertinent part:

[A]s the record from trial will reflect, there is the additional issue of the admissibility of the bills from Resilient Life Care, vis-à-vis the Certification signed by Eric Makowski and presented … during trial. The Court has allowed Defendants time to depose Mr. Makowski regarding same.

3

indicating Gillespie died on July 2, 2021, was attached to a supplemental memorandum in support of defendants' request.

On August 5, 2021, the trial court signed a judgment that set forth the same itemized awards as that of the jury verdict, except that it awarded $146,500.00 rather than $147,500.00 for future loss of income and $85,000.00 instead of $83,000.00 for future physical pain and suffering; this judgment also reflected the damages as totaling $1,096,750.00.[4] Defendants thereafter filed a motion to vacate the August 5, 2021 judgment, which the trial court granted on August 23, 2021. The trial court then gave the parties ninety days to conduct post-trial discovery[5] and to substitute an appropriate succession representative for Gillespie. The trial court also ordered counsel for Gillespie to produce "time[,] circumstance[,] and death certificate, if applicable" within 20 days of the order.

On September 9, 2021, Gillespie's counsel filed a motion for new trial and in the alternative a motion to reinstate the jury verdict. In October 2021, Gillespie's counsel also filed a motion for substitution, seeking to substitute the following individuals as plaintiffs: 1) Mary Gillespie, Gillespie's biological mother; 2) Janice Oliver, the mother of the minor child, LaJayla; and 3) Natasha Williams, the guardian of Brandon Williams.[6] On November 3, 2021, the trial court ordered the substitution as requested.

Next, the trial court signed an "Order on Evidence," dated December 15, 2021, ruling that the health insurance claim forms of Resilient Life Care were improperly admitted into evidence. Counsel for Gillespie filed a writ application challenging the order and assigning error to the trial court's failure to reinstate the jury verdict.

---

[4]The judgment did not award judgment in favor of or against any particular party or parties.

[5]See footnote 3, *supra.*

[6]LaJayla and Brandon were referred to as Gillespie's "alleged children." A copy of Gillespie's birth certificate with a notation indicating "DECEASED" across the certificate was attached to the motion.

See Gillespie v. Guillory, 2022-0603 (La. App. 1st Cir. 9/2/2022), 2022 WL 4075917. This court vacated the December 15, 2021 order and instructed as follows, in pertinent part:

> If a final judgment is signed, defendants' remedy is through either a motion for new trial or motion for [JNOV]. See La. Code Civ. P. art. 1972(1).... However, prior to the rendition of a final judgment, the trial court may hold any hearings as to the date of death of the plaintiff ... and the substitution of the proper parties plaintiff.... In all other respects, the writ is denied.

On February 1, 2023, the trial judge ordered Gillespie's counsel to provide the court with Gillespie's death certificate and "documentation of the relationship necessary to substitute proper parties plaintiff, such that a final judgment may be entered in this matter."

On January 18, 2024, the trial court ordered that counsel for "[p]laintiff produce the proper named parties with proof within 14 days... so a [j]udgment can be entered...." On March 27, 2024, the trial court signed a judgment awarding itemized damages to LaJayla in accordance with the 2021 jury verdict.[7]

On April 10, 2024, defendants filed a and, alternatively, a motion for new trial. In their memorandum in support of this motion, defendants urged that: 1) the Resilient Life Care "bills," totaling $368,572.00 were improperly admitted into evidence and should be excluded from the past medical expenses awarded by the jury; and 2) future damages should be excluded from the award since Gillespie died before the verdict was returned.

On May 29, 2024, the trial court granted defendants' motion for JNOV and awarded to LaJayla the following reduced damages: past physical pain and suffering - $85,000.00; past medical expenses - $119,783.00; mental anguish, stress and anxiety, and loss of enjoyment of life - $37,375.00; and past loss of income -

---

[7]The judgment described LaJayla as Gillespie's "Court Appointed Representative and/or heir(s)" and referenced an attached exhibit, described as an "Email from [Gillespie's counsel] advising in whose name Judgment should be entered." We can find no order which substitutes LaJayla as a plaintiff in the record of this proceeding.

$75,500.00, for a total of $317,658.00 in damages. On May 31, 2024, LaJayla filed a motion for new trial regarding the JNOV and, alternatively, a motion to reinstate the jury verdict. The trial court denied the motion on August 21, 2024. On October 3, 2024, the trial court granted LaJayla a devolutive appeal.

On appeal, LaJayla urges the trial court erred by: 1) granting the defendants' JNOV on the grounds that the certified medical records and bills from Resilient Life Care were not properly admitted into evidence; 2) determining that the Resilient Life Care treatment was not medical in nature and hence the bills were not medical bills to be considered by the jury; 3) determining the Resilient Life Care bills were not related, recoverable expenses regardless of whether the bills were medical or non-medical; and 4) determining "the expense of Resilient Life Care was considered in a specific amount despite the fact that the jury was presented with a larger amount than the jury awarded in past medical expenses."

In February 2025, a writ application bearing docket number 2025 CW 0165 was filed on behalf of "plaintiff," LaJayla, who claims to have been substituted as a party on behalf of her now deceased father pursuant to the trial court's November 3, 2021 order. LaJayla asserts the trial court erred by denying her October 18, 2024 motion for leave to file a supplemental and amending petition, which was filed five months after the trial court granted the defendants' motion for JNOV.

## II.  DISCUSSION

### A. The Appeal

On July 16, 2025, this court issued an interim order allowing the parties to file supplemental briefs addressing "whether LaJayla has been properly substituted as a party to this lawsuit and whether the judgment on appeal is a valid judgment."

In response, appellant filed a supplemental brief, stating the trial court's November 3, 2021 order substituted LaJayla as the plaintiff. Appellant states that Louisiana Code of Civil Procedure article 801 provides for the voluntary substitution

of a legal successor for a deceased party, and that LaJayla, as Gillespie's only heir, is the proper party plaintiff to assert Gillespie's claims against the defendants pursuant to Louisiana Civil Code article 2315.1(A)(1).

Appellees also filed a supplemental brief, referencing the trial court's January 18, 2024 order that directed Gillspie's counsel to produce the proper parties within fourteen days of that order. Appellees state that counsel for Gillespie then advised the court via email that the final judgment "should be in the name of LaJayla Oliver" and that a final judgment was entered in the name of LaJayla "per [counsel for Gillespie's] instruction."

> Louisiana Code of Civil Procedure article 801 provides:
>
> When a party dies during the pendency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party, on ex parte written motion supported by proof of his quality.
>
> As used in [this article], "legal successor" means:
>
> (1) The survivors designated in Article 2315.1 of the Civil Code, if the action survives in their favor; and
>
> (2) Otherwise, it means the succession representative of the deceased appointed by a court of this state, if the succession is under administration therein; or the heirs and legatees of the deceased, if the deceased's succession is not under administration therein.

Louisiana Code of Civil Procedure article 805 further provides, in pertinent part: "When an action has been commenced by a proper representative on behalf of an incompetent person and such person thereafter becomes competent, *the authority of the representative shall continue until substitution is made in accordance with the provisions of this article.*" (Emphasis added).

In the present case, after Gillespie's death, the trial court ordered three parties, Mary, Janice, and Natasha, be substituted for the deceased plaintiff. Janice was named in her representative capacity on behalf of her minor child, LaJayla. Based on the appellate record, LaJayla was not formally substituted as a party in the trial

7

court proceedings, and pursuant to Louisiana Code of Civil Procedure article 805, Janice has authority as LaJayla's representative until a substitution is made.

Louisiana Code of Civil Procedure article 1841 states, in relevant part, that "[a] judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled." Pursuant to Louisiana Code of Civil Procedure article 1841, "a judgment cannot determine rights or award relief to persons or entities that are not parties to the litigation." In re Succession of Sims, 2015-1904 (La. App. 1st Cir. 12/28/16), 210 So. 3d 394, 397; Gentile v. Baton Rouge General Medical Center, 95-0348 (La. App. 1st Cir. 11/9/95), 665 So. 2d 422, 430; In re Succession of Banks, 2011-26 (La. App. 5th Cir. 6/29/11), 71 So. 3d 1086, 1097; Minton v. Crawford, 98-478 (La. App. 3d Cir. 10/7/98), 719 So. 2d 743, 748.

Thus, based on the record, because LaJayla was not a party to the litigation when the judgment awarding $317,658.00 in damages to her was entered, the judgment dated May 29, 2024 is hereby vacated.[8] We recognize the possibility that LaJayla has since reached the age of majority and could now be substituted. Therefore, we remand the case to the trial court to determine whether an amended judgment must be recast in light of LaJayla's reaching the age of majority. See CD v. SC, 2022-00961 (La. 6/27/23), 366 So. 3d 1245, 1251.

## B. The Writ Application

The writ application references a purported substitution of LaJayla as plaintiff on November 3, 2021. However, to support this statement LaJayla submits only the November 3, 2021 order, wherein the trial court granted the substitution of Mary; Janice, on behalf of her minor child, LaJayla; and Natasha, as guardian of Brandon, to represent Gillespie.

---

[8]Because LaJayla has never been a party to this litigation in her own capacity, there could not have been a judgment determining her rights, or in her favor, in this litigation to date. We also note a subsequent substitution cannot cure an absolutely null judgment. See White v. Givens, 491 So. 2d 63, 64 (La. App. 1st Cir. 1986); see also Arabie Bros. Trucking Co. v. Gautreaux, 2010-1999, p. 2 (La. App. 1st Cir. 6/10/11), 2011 WL 2979977.

LaJayla asserts the trial court erred by denying her October 18, 2024 motion for leave to file a supplemental and amending petition. Therein, LaJayla sought to amend the instant lawsuit to assert wrongful death and damages claims against Guillory, Safeway, Plaza, Hallmark, and Martin Transport, Inc. In support of her writ application, LaJayla submits a January 13, 2025 judgment, denying "Plaintiff's Motion for Leave to File Supplemental and Amending Petition for Wrongful Death and Damages." Guillory, Safeway, Plaza, and Hallmark opposed this writ application, urging the wrongful death claim is prescribed and that the trial court properly exercised its discretion by denying the motion to supplement the petition.

LaJayla seeks supervisory relief from this court, but she has not been properly substituted as a party to this litigation in accordance with Louisiana Code of Civil Procedure articles 801-805. Based on the current procedural posture of this matter, this court declines to exercise its supervisory jurisdiction to review the trial court's January 13, 2025 judgment. The criteria set forth in Herlitz Const. Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So. 2d 878 (La. 1981) (*per curiam*), are not met. Accordingly, the writ application is denied.

### III.  CONCLUSION

For these reasons, we vacate the trial court's May 29, 2024 judgment granting the defendants' motion for JNOV and ordering judgment in favor of LaJayla Oliver in the amount of $317,658.00. Further, the writ application bearing docket number 2025 CW 0165 is denied. This matter is remanded for further proceedings in the trial court to recast the judgment in favor of a proper party plaintiff. One half of the appeal costs are assessed to appellant, LaJayla Oliver, and the other one half of the appeal costs are assessed to defendants/appellees, William Guillory, Safeway Transportation LLC, Plaza Insurance Company, and Hallmark Specialty Insurance Company.

**MAY 29, 2024 JUDGMENT VACATED; MATTER REMANDED; WRIT DENIED IN 2025 CW 0165.**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

**2025 CA 0066
and
2025 CW 0165**

FELIX GILLESPIE

VERSUS

WILLIAM GUILLORY, SAFEWAY TRANSPORTATION, LLC; MARTIN TRANSPORT, INC; AND PLAZA INSURANCE COMPANY

---

**EDWARDS, J.,** *concurring.*

As the majority points out, "a judgment cannot determine rights or award relief to persons or entities that are not parties to the litigation." **In re Succession of Sims,** 2015-1904 (La. App. 1 Cir. 12/28/16), 210 So.3d 394, 397 (citing La. C.C.P. art. 1841). Janice Oliver, on behalf of her minor child, LaJayla Oliver, was substituted as a party plaintiff via order dated November 3, 2021. The record before us does not contain any substitution of LaJayla as a plaintiff in this matter although the parties appear to agree, as do I, that LaJayla is the proper recipient of the jury's award. Nevertheless, the trial court rendered judgment in favor of LaJayla individually, a non-party to the litigation.

This court and the Louisiana Fifth Circuit have vacated judgments rendered in favor of non-parties. See **In re Succession of Sims,** 210 So.3d at 397-98; **In re Succession of Banks,** 2011-26 (La. App. 5 Cir. 6/29/11), 71 So.3d 1086, 1100.[1] However, to do so in this case, would reinstate the original March 27, 2024 judgment, see **Anderson v. New Orleans Public Service, Inc.,** 583 So. 2d 829, 835 (La. 1991), which was also rendered in LaJayla's favor. Unfortunately, neither

---

[1] The Third Circuit, in contrast, reversed an award in favor of a non-party. See **Minton v. Crawford,** 98-478 (La. App. 3 Cir. 10/7/98), 719 So.2d 743, 748.

Louisiana state law nor this state's jurisprudence offers any guidance as to how this court should proceed in this unique situation. Therefore, I see no other solution but to vacate the trial court's May 29, 2024 judgment granting the defendants' motion for JNOV to give the parties the opportunity to agree on an amendment to the March 27, 2024 judgment in order to name the proper party plaintiff, whether that be Janice Oliver on behalf of her daughter LaJayla (if LaJayla is still a minor) or LaJayla herself, in accordance with La. C.C.P. art. 805.